**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Marta Dominguez De Iglesias,
Petitioner,
v.
Eric Rokosky, et al.,
Respondents.

No. CV-26-05819-PHX-SPL

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 3.) In the Response, Respondents state: "Respondents do not oppose the habeas petition nor the requested relief to the extent Petitioner seeks an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 6.) The Court accepts this concession as non-opposition to granting the Petition in part and granting a bond hearing.

In addition, however, Petitioner specifically argued that her detention has become prolonged and enumerated specific factors the Immigration Judge should consider in evaluating whether bond is appropriate. (Doc. 1 at 21-22.) Respondents did not address whether Petitioner's detention has become prolonged or who should bear the burden of persuasion at any bond hearing. In failing to do so, Respondents have waived any challenge to whether the Government should bear the burden of persuasion. *See N-E-M-B v. Wamsley*, No. CV-25-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court

finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, NO. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Further, because Petitioner has been in immigration detention since May 21, 2025, the Court finds Petitioner's detention has become prolonged and therefore will direct that Petitioner be provided a bond hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** to the extent it seeks a bond redetermination hearing. The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which the Government bears the burden of proof by clear and convincing evidence, within **seven (7) days** of the date of this Order, or release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 26th day of August, 2026.

Honorable Steven P. Logan
United States District Judge